# EXHIBIT A

2/18/2026 5:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111428896
By: Adiliani Solis
Filed: 2/18/2026 5:15 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| FERMINA GAMBOA, AS RECEIVER FOR JOHN REY GAMBOA | § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| UBER TECHNOLOGIES, INC. and RASIER, LLC | § § § § § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Fermina Gamboa, as Receiver for the Estate of John Rey Gamboa, complaining of Uber Technologies, Inc. and Rasier, LLC (collectively referred to as "Uber"), and would respectfully show the Court and jury the following:

### I.    DISCOVERY CONTROL PLAN

2.1.    Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively states that this matter should not be conducted under Rule 169 for Expedited Actions pursuant to the Texas Rules of Civil Procedure.

### II.    PARTIES

2.2.    Plaintiff is the duly appointed Receiver of the Estate of Jon Rey Gamboa, a missing person, and is a resident of Harris County, Texas.

2.3.    Defendant Uber Technologies, Inc. ("Uber") is a Delaware corporation with its principal place of business at 1725 3rd Street, San Francisco, California 94158. Uber may be served with

Plaintiff's Original Petition                                                                                                                  Page 1

process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.4.    Defendant Rasier, LLC ("Rasier") is a Delaware limited liability company with its principal place of business at 1725 3rd Street, San Francisco, California 94158. Rasier may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.    VENUE

3.1    Venue is proper in Harris County, Texas, pursuant to Estates Code § 33.002, because Gamboa's estate proceeding is in Harris County and Texas Civil Practice & Remedies Code § 15.002(a)(4) because Plaintiff resides in Harris County, Texas.

3.2    This Court has jurisdiction over the lawsuit pursuant to Estates Code § 32.007(1).

## IV.    FACTS

4.1.    John Gamboa was a Houston resident and the eldest of three siblings. He served in the United States Air Force for five years. John was the breadwinner for his family because his mother, Fermina Gamboa, was a cancer survivor who, for a time, could only work part-time.

4.2.    In February of 2024, John Gamboa flew from Houston to Mexico City. At approximately 10:18 p.m., John was picked up at the Mexico City Airport by an Uber driver and dropped at his Airbnb rental. John then went to meet friends at a bar in Mexico City. At 3:35 a.m., John requested an Uber car with the intended destination of his Airbnb. The Uber driver, however, diverted from his intended route and traveled to Salamanca/Calle Colima. John, or someone in control of his phone, placed another Uber request at 4:22 a.m. to go to Zona Rosa. Once again, the Uber driver diverted to Avienda Canal del Norte and Calle Boleo. John Gamboa has not been seen or heard from since his Uber ride. The Uber driver who picked up John Gamboa has fled, and his whereabouts are unknown.

4.3.    Plaintiff was kidnapped and/or otherwise assaulted by the Uber driver with whom he had been paired through the Uber App. As a common carrier, Uber is vicariously liable for the injuries its driver inflicted on its passenger. In addition, through its officers, directors, and managing agents, Uber contributed to the attack on Plaintiff by abandoning its utmost duty of heightened care toward its passengers.

4.4.    Uber knew or should have known that its driver was a danger to Uber passengers. Carlos Magdaleno Machuca or Ceasar Omar Durasno Cruz was the actual driver of the Uber. Uber drivers and Uber split the fare Uber charges riders for the riders' trips.

4.5.    John's USAA card was used on two occasions after he disappeared—on February 18 and 20, 2024. The card was used at a grocery store called Merpago.

## V.    CAUSES OF ACTION

### a.    *Negligence and Negligent Hiring*

5.1    Uber was negligent by allowing a dangerous driver to use its platform. Uber also negligently failed to perform a sufficient background check of its driver.

5.2    Uber's negligence, singularly or in combination with each other, was the proximate cause of John's disappearance and the injuries sustained by Plaintiff.

### b.    *Fraud and Misrepresentation*

5.3    Uber represented that it provided a safe means of travel for users of its app. This representation is important to the users of Uber's app. This representation is false, and Uber knew, or should have known, that the representation was false. Uber made the representation so that users of its app would use its service. John Gamboa relied on the representation and was harmed as a result.

5.4    Further, and in the alternative, Uber negligently communicated that its app was safe, John justifiably relied on the misrepresentation and was injured as a result.

---

Plaintiff's Original Petition                                                                                                    Page 3

## VI.    DAMAGES

6.1.    Plaintiff seeks to recover damages from Defendants for the following:

    a.  The physical pain and impairment sustained by John Gamboa from the date of injury to the time of trial;

    b.  Future physical pain and impairment reasonably anticipated to be sustained by John Gamboa in the future;

    c.  Mental anguish and suffering sustained by John Gamboa from the date of injury to the time of trial;

    d.  Mental anguish and suffering which is reasonably anticipated to be suffered by John Gamboa in the future;

    e.  Loss of earnings and earning capacity sustained by John Gamboa, both in the past and in the future;

6.2.    As such, Plaintiff affirmatively pleads that she seeks monetary relief greater than $1,000,000.00.

## VII.    RULE 193.7 NOTICE

7.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice to Defendant that any and all documents produced by Defendant may be used against the at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## VIII. JURY DEMAND

8.1.    Plaintiff demands a trial by jury to resolve all fact issues in this case.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein.  Plaintiff further requests that upon final trial hereof, Plaintiff have and recover from Defendants a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment, and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal, and equitable to which Plaintiff may be justly entitled.

Respectfully Submitted,

**WEBSTER VICKNAIR MACLEOD**
*/s/ Steven E. Aldous*
**JASON C. WEBSTER**
State Bar No. 24033318
**HEIDI O. VICKNAIR**
State Bar No. 24046557
**STEVEN E. ALDOUS**
State Bar No. 0982100
24 Greenway Plaza, Suite 600
Houston, Texas  77046
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason  Webster  on behalf of Jason Webster
Bar No. 24033318
filing@wvmlaw.com
Envelope ID: 111428896
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/19/2026 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason  C. Webster | | filing@wvmlaw.com | 2/18/2026 5:15:07 PM | SENT |